**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
QUBE FILMS, LTD., NAVID SOOFI and
MATT KELLEY FILMS, LTD.,

                      **Case No.: 13-CV-8405 (AJN)**

                     Plaintiffs,

        -against-

BERT PADELL, PADELL AND COMPANY and
T.D. BANK LTD.,

                     Defendants.

--------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW SUBMITTED ON BEHALF OF**
**DEFENDANT BERT PADELL IN FURTHER SUPPORT OF HIS**
**MOTION FOR SUMMARY JUDGMENT, PURSUANT TO FED. R. CIV. P. 56**

**Of Counsel**
Mark K. Anesh
Anthony J. Proscia

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
*Attorneys for Defendant Bert Padell*
77 Water Street, Suite 2100
New York, New York 10005
T: (212) 232-1300
Our File No.: 33337.12

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT…………………………………………………………....1

REPLY ARGUMENT…………………………………………………………………....3

      REPLY POINT I:     PLAINTIFFS' OPPOSITION IS COMPLETELY DEVOID
                             OF ANY ARGUMENT REFUTING THE MOVING
                             DEFENDANT'S ASSERTION THAT THE CLAIMS
                             SOUNDING IN BREACH OF CONTRACT; BREACH OF
                             FIDUCIARY DUTY; AND ORDINARY NEGLIGENCE ARE
                             BARRED BY THE ESCROW AGREEMENT………………………3

      REPLY POINT II:    PLAINTIFFS HAVE NOT SUSTAINED ANY ACTUAL
                             AND ASCERTAINABLE DAMAGES………………………………3

      REPLY POINT III:   PLAINTIFFS' OPPOSITION AND RELIANCE UPON
                             CONJECTURE AND INNUENDO IS INSUFFICIENT TO
                             DEMONSTRATE THAT THE MOVING DEFENDANT
                             BREACHED ANY DUTY OWED TO THEM UNDER THE
                             ESCROW AGREEMENT; OR THAT ANY SUCH
                             BREACH CONSTITUTED GROSS NEGLIGENCE OR
                             WILLFUL MISCONDUCT…………………………………………....5

      REPLY POINT IV:   PLAINTIFFS CANNOT DEMONSTRATE THAT ANY
                             MATERIAL QUESTIONS OF FACT EXIST WITH RESPECT
                             TO PLAINTIFFS' CLAIM SOUNDING IN FRAUD………………10

CONCLUSION……………………………………………………………………………11

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of the Defendant BERT PADELL ("Moving Defendant") in response to Plaintiffs Qube Films, Ltd. ("Qube Films"), Navid Soofi ("Soofi"), and Matt Kelly Films, Ltd.'s ("Kelly Films") (collectively "Plaintiffs") Opposition[1] and in further support of his motion for an Order: (i) pursuant to Fed. R. Civ. P. 56, granting summary judgment in his favor and dismissing the First Amended Verified Complaint of Plaintiffs; and (ii) for such other and further relief as this Court deems just and proper.

In an effort to salvage any one of their claims against the Moving Defendants, the Plaintiffs continue to assert self-serving, conclusory conjecture and innuendo, none of which is supported by the documentary evidence and testimony elicited during this action.  In fact, Plaintiffs attempt to imbue upon the Moving the duties, obligations and responsibilities of the parties to the underlying film financing transaction.

However, based upon the clear and unambiguous terms of the Escrow Agreement, which was never revised, altered or modified, the Moving Defendant's sole obligation was to disburse the funds being held in escrow in accordance with the terms of said Escrow Agreement.  Here, the financing conditions precedent were not met by either the Plaintiffs, or non-party financiers Grier Enterprise and Capital Ventures.  Due to this non-performance, the Plaintiffs were authorized to, and did in fact instruct the Moving Defendant to transfer the escrowed funds in full to any account the Plaintiffs directed.  Here, subsequent to the non-performance by both Plaintiffs and non-parties Grier

---

[1] Plaintiffs' Opposition by (i) the Declaration of Michael M. Strage, dated April 16, 2015 ("Strage Decl."); the Declaration of Homayoon Arfazedeh, dated April 21, 2015 ("Arfazedeh Decl."); (iii) Plaintiffs' Separate Statement of Disputed and Undisputed Material Facts in Opposition to Defendant Bert Padell's Rule 56.1 Statement of Material and Undisputed Facts, dated April 16, 2015 ("Pl. Rule 56.1 Statement"); and (iv) Plaintiffs' Memorandum of Law in Opposition, dated April 18, 2015 ("Pl. Memo. in Opp.").  To the extent that the Arfazedeh Declaration and Memorandum of Law are dated after the deadline of April 16, 2015 set by this Court, [*see* Docket No. 71], the Moving Defendant respectfully submits that they are untimely and should be disregarded by the Court in determining the instant motion. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 895-96 (1990).

Enterprises and Venture Capital, the Plaintiffs issued the March 14 Escrow Instructions and the March 15 Escrow Instruction to the Moving Defendant.  In accordance with these written instructions from the Plaintiffs, consented to by the non-parties Grier Enterprises and Capital Ventures, the Moving Defendant released said funds being held in the escrow.  Given the Moving Defendant's good faith reliance upon the written instructions issued by Plaintiffs themselves, he is not and cannot be held liable under the express terms of the Escrow Agreement.

Moreover, as set forth in the Moving Defendants' original moving papers and more fully below, none of the Plaintiffs have sustained any actual and ascertainable damages.  With respect to Matt Kelly Films, Ltd., Plaintiffs concede that it has not sustained any actual damages.  With respect to Plaintiffs Qube Films, Ltd. and Navid Soofi, Plaintiffs also concede that the Qube Films and Soofi did not deposit the funds into the escrow account, but that they were deposited by non-party Cube (Qube) Production Inc.  Thus, no Plaintiff has sustained any actual and ascertainable damages as a result of the underlying film financing transaction.

In addition, the Escrow Agreement express bars Plaintiffs' claims against the Moving Defendant sounding in (i) ordinary negligence; (ii) breach of contract; and (iii) breach of fiduciary duty.  Accordingly, to the extent that Plaintiff's First Amended Complaint asserts said claims against the moving Defendant, they must be dissed in their entirety, as a matter of law.

Given the foregoing, as detailed more fully below, the Moving Defendant respectfully submits that he is entitled to summary judgment, in its entirety, and that Plaintiffs' First Amended Verified Complaint should be dismissed, as a matter of law.

# REPLY ARGUMENT

## REPLY POINT I

### PLAINTIFFS' OPPOSITION IS COMPLETELY DEVOID OF ANY ARGUMENT REFUTING THE MOVING DEFENDANT'S ASSERTION THAT THE CLAIMS SOUNDING IN BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; AND <u>ORDINARY NEGLIGENCE ARE BARRED BY THE ESCROW AGREEMENT</u>

Herein, the Escrow Agreement expressly states that Plaintiffs may only assert claims against the Moving Defendant sounding in "gross negligence or willful misconduct." [Rule 56.1 Statement, at ¶49; *see also* Pl. Rule 56.1 Statement, at ¶49.]  As set forth more fully in the Moving Defendant's original papers, the New York State Court of Appeals has held that "[a]s a general rule, parties are free to enter into contracts that absolve a party from its own negligence." *Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc.*, 18 N.Y.3d 675, 682-83 (2012), *citing Melodee Lane Lingerie Co. v American Dist. Tel. Co.*, 18 N.Y.2d 57, 69 (1966) (a no-action clause within an agreement is enforceable so long as it does not exculpate a party from conduct involving gross negligence or intentional wrongdoing).  Plaintiffs' Opposition fails to address, let alone refute the validity of the no-action clause within the Escrow Agreement.  Plaintiffs' claims against the Moving Defendant sounding in (1) ordinary negligence; (2) breach of contract; and (3) breach of fiduciary duty are therefore barred.

Based upon the foregoing, the Moving Defendant respectfully submits that he is entitled to summary judgment and the dismissal of the claims sounding in ordinary negligence, breach of contract and breach of fiduciary duty asserted against him within the Amended Complaint.

## REPLY POINT II

### PLAINTIFFS HAVE NOT SUSTAINED ANY <u>ACTUAL AND ASCERTAINABLE DAMAGES</u>

Even if Plaintiffs do raise a question of fact as to whether the Moving Defendant's alleged acts, errors and/or omissions constituted "gross negligence or willful misconduct," fraud and/or

conversion, a proposition strongly refuted by the Moving Defendant, they are nevertheless unable to recover as against him because none of them has sustained any actual damages as a result of the underlying transaction.

As an initial point, Plaintiffs concede that Kelly and Kelly Films did not provide any funds used to finance <u>Salesman</u>. [Pl. Rule 56.1 Statement, at ¶80.]  Plaintiffs further concede Kelly and Kelly Films did not sustain any damages as a result of the underlying business transaction with Grier Enterprises and Capital Ventures.  [Pl. Rule 56.1 Statement, at ¶80.]  Accordingly, Plaintiff Kelly Films has not sustained any actual and ascertainable damages.[2]

Similarly, neither Qube Films nor Soofi has sustained any actual damages as a result of the underlying transaction.  As set forth more fully in the Moving Defendant's original moving papers, non-party Cube Productions Inc. wired all of the funds into the escrow account at issue.  [Rule 56.1 Statement, at ¶79.]  Plaintiffs admit that non-party Cube (or Qube) Productions Inc. wired all of the funds into the escrow account at issue.  [Pl. Rule 56.1 Statement, at ¶79.]

The self-serving assertion that non-party Cube Productions Inc. wired the funds on behalf of Soofi, a principal, is of no consequence.  "A shareholder -- even the sole shareholder -- does not have standing to assert claims alleging wrongs to the corporation."  *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 736 (2nd Cir. 1987); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) (plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties"); *Wright-Upshaw v. Nelson*, 2014 U.S. Dist. LEXIS 22286, at *15 (E.D.N.Y. 2014) ("A plaintiff does not have individual standing where he or she alleges injuries that are indirectly caused by the harm to the

---

[2] In fact, Kelly Films has netted $75,000.00 from the underlying transaction, by (i) receipt of $50,000.00 from the escrow account for his project The Apologist, and (ii) receipt of $25,000.00 as part of his settlement with Grier and Grier Enterprises.  [Pl. Rule 56.1 Statement, at ¶¶82 and 88.]

corporation."). Thus, neither Qube Films nor Soofi have sustained any actual and ascertainable damages.

Moreover, Plaintiffs Opposition does not refute that the express terms of the Escrow Agreement state that the Moving Defendant cannot be held liable for consequential damages (Plaintiffs seek $250,000.00 in a lost business opportunity) or punitive damages (Plaintiffs seek $1,000,000.00). [Pl. Rule 56.1 Statement, at ¶49.]

Based upon the foregoing, Plaintiffs Qube Films, Soofi and Kelly Films have not, and cannot establish that they sustained any actual and ascertainable damages as a result of the underlying film financing transaction. Accordingly, the Moving Defendant respectfully submits that he is entitled to summary judgment and the dismissal of all of the claims asserted against him in the Plaintiffs' First Amended Complaint, as a matter of law.

## REPLY POINT III

### PLAINTIFFS' OPPOSITION AND RELIANCE UPON CONJECTURE AND INNUENDO IS INSUFFICIENT TO DEMONSTRATE THAT THE MOVING DEFENDANT BREACHED ANY DUTY OWED TO THEM UNDER THE TERMS OF THE ESCROW AGREEMENT; OR THAT ANY SUCH BREACH CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT

A review of Plaintiffs' Opposition indicates that Plaintiffs implicitly concede that they are unable to set forth true facts within the record to overcome the Moving Defendant's motion for summary judgment. In fact, Plaintiffs concede that they "are hard pressed to directly establish the degree of the element of the negligence of the Defendants (sic) actions …." [Pl. Memo. in Opp., at p. 15.] Furthermore, Plaintiffs state that it requires the drawing of "logical inferences," [Pl. Memo. in Opp., at p. 4], for someone to determine that the Moving Defendant's involvement in the underlying film financing transaction does "not pass the smell test." [Pl. Memo. in Opp., at p. 15.] On numerous occasions, Plaintiffs assert that the Moving Defendant had some financial interest in

Grier Enterprises. [*See*, i.e., Pl. Rule 56.1 Statement, at ¶27; *see also* Pl. Rule 56.1 Statement, at ¶71(17).]   However, there is no evidence within the record, documentary or otherwise, that substantiates Plaintiffs' unsubstantiated assertion that the Moving Defendant had a financial interest in Grier Enterprises.   The sole purpose of these unfounded assertions is to prejudice the Moving Defendant and to impugn his integrity.

Based upon the foregoing illustrative examples, Plaintiffs' Opposition relies solely upon mere speculation, conjecture, and innuendo in an effort to salvage any one of their claims against the Moving Defendant.   However, as set forth in the Moving Defendant's original moving papers, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment … [m]ere conclusory allegations … cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2nd Cir. 2010) (internal citations omitted); *see also Maguire v. Level Sights, Inc.*, 2004 U.S. Dist. LEXIS 13566, at *3 (S.D.N.Y. 2004) ("The non-movant cannot meet this burden by simply relying on mere conclusory allegations, speculation or conjecture."); *Good v. Presbyterian Hosp.*, 934 F. Supp. 107, 110 (S.D.N.Y. 19964) ("The nonmoving party may not rest upon mere allegations or denials of the moving party's pleadings.").   Thus, Plaintiffs' unsubstantiated and unsupported assertions constitute mere speculation and are insufficient to defeat the Moving Defendant's motion for summary judgment.

In contrast to the Plaintiffs' unsubstantiated assertions, the undisputed evidence establishes that the Moving Defendant's duties and obligations as escrow agent were limited in scope by the Escrow Agreement.   [Rule 56.1 Statement, at ¶44; *see also* Pl. Rule 56.1 Statement, at ¶44.]

Furthermore, the undisputed evidence establishes that the Moving Defendant was under no obligation to verify the instructions he received with anyone; did not need to confirm the validity or

authenticity of the instruction he received; did not need to review any other agreements between the parties; and did not need to ensure that any of the parties had complied with any obligations they may have had to each other.  [Rule 56.1 Statement, at ¶¶45-46.]

While admitting the foregoing, [Pl. Rule 56.1 Statement, at ¶¶45-46], it is readily apparent from a review of Plaintiffs' response that their attempt to expanded the duties and responsibilities owed to them by the Moving Defendant is unfounded within the express terms of the Escrow Agreement.  The Moving Defendant was not a party to the underlying film financing transaction, acting solely as the escrow agent.  The Moving Defendant did not guarantee, in writing or orally, the transaction between Plaintiffs and non-parties Grier Enterprises and Capital Ventures.  The Moving Defendant was not obligated to ensure that Grier Enterprises and/or Capital Ventures did in fact comply with any obligations they may have had to the Plaintiffs.

Instead, the Moving Defendant disbursed the escrow funds as directed by the parties to the underlying film financing transaction.  Non-parties Grier Enterprises and Capital Ventures never funded any portion of their financing, and Plaintiffs were not able to raise the level of financing set forth in the Original Deal Sheet for <u>Salesman</u>.  [Rule 56.1 Statement, at ¶¶51-52; *see also* Pl. Rule 56.1 Statement, at ¶52.]  Thus, the financing conditions precedent were not met by either the Plaintiffs, or non-party financiers Grier Enterprise and Capital Ventures.  Due to this non-performance, the Plaintiffs were authorized to, and did in fact instruct the Moving Defendant to transfer the escrowed funds in full to any account the Plaintiffs directed.  [Rule 56.1 Statement, at ¶48; *see also* Anesh Decl., Ex. "I," at §5(c).]  Subsequent to the non-performance by both Plaintiffs and non-parties Grier Enterprises and Venture Capital, the Plaintiffs issued the March 14 Escrow Instructions and the March 15 Escrow Instruction to the Moving Defendant.  In accordance with these written instructions from the Plaintiffs, consented to by the non-parties Grier Enterprises and

Capital Ventures, the Moving Defendant released said funds being held in the escrow.  Given the Moving Defendant's good faith reliance upon the written instructions issued by Plaintiffs themselves, he is not and cannot be held liable under the express terms of the Escrow Agreement. [Rule 56.1 Statement, at ¶45; *see also* Anesh Decl., Ex. "I," at §9(d) ("Escrow Agent is authorized to comply with and rely upon any notice, direction, instruction or other communication believed by it to have been sent or given by Depositor and/or Service Provider and shall be fully protected shall be fully protected in acting in accordance with such written direction or instructions given to it under, or pursuant to, this Agreement."); Anesh Decl., Ex. "I," at §9(h) ("In no event shall Escrow Agent be liable (i) for acting in accordance with or relying upon any instruction, notice, demand, certificate or document from Depositor and/or Service Provider, or any entity acting on behalf of either").]

Plaintiffs assert, however, that the Moving Defendant disregarded an instruction they sent to him, limiting the amount of money that could be disbursed from the escrow account.[3]  [Pl. Rule 56.1 Statement, at ¶71(1).]  However, the Escrow Agreements, states,

> In the event of any ambiguity or uncertainty hereunder or in any notice or other communication received by Escrow Agent hereunder, Escrow Agent may, in its sole discretion, refrain from taking any action other than to retain possession of the Escrow Property unless Escrow Agent receives written instructions, signed by Depositor and Service Provider which eliminates such ambiguity or uncertainty.

[Anesh Decl., Ex. "I," at §9(i).]  As an initial point, the Moving Defendant "may," but was not required to refrain from taking any further action.  Furthermore, it is undisputed that Plaintiffs executed and issued the March 14 Instructions and the March 15 Instruction.  [Rule 56.1 Statement, at ¶¶60-61 and 68-69; Pl. Rule 56.1 Statement, at¶ ¶60-61 and 69.]  Thus, under the express terms of the Escrow Agreement, the Moving Defendant was authorized to rely upon the March 14 and March

---

[3] By Plaintiffs' own admissions, the Moving Defendant was authorized to release, at a minimum, $510,000.00 from the escrow account as of March 16, 2011.

15 Instructions, which were agreed to by the non-parties Grier Enterprises and Capital Ventures, as opposed to Plaintiffs' unilateral correspondence. The Movant Defendant's exercise of authority expressly granted to him cannot constitute a breach of any duty owed to Plaintiffs, nor can it constitute "gross negligence or willful misconduct," as required under the Escrow Agreement. [Rule 56.1 Statement, at ¶49; Pl. Rule 56.1 Statement, at ¶49.]

Moreover, the Moving Defendant's release of any funds from the escrow account to Grier Enterprises [Rule 56.1 Statement, at ¶64]; the $100,000.00 disbursed to the Moving Defendant for his escrow agent fee and to cover the banking charges [Rule 56.1 Statement, at ¶¶43 and 77]; and the disbursement of $50,000.00 to Kelly Films for a second film project, The Apologist [Rule 56.1 Statement, at ¶82], were permissible and mandated by the terms and conditions of the Original Deal Sheet (as amended), the Escrow Agreement, and by the March 14 and the March 15 Escrow Instructions.

Reliance upon the terms of the Escrow Agreement, along with receipt of the Escrow Instructions, was wholly proper and the Moving Defendant acted in good faith in executing his obligations as escrow agent. The Movant Defendant's exercise of his authority under the express terms of the Escrow Agreement does not constitute a breach of a duty owed to Plaintiffs, nor "gross negligence or willful misconduct." *See Jones v. LeFrance Leasing Ltd. Partnership*, _ A.D.3d _, 2015 N.Y. Slip Op. 02937 (2nd Dep't April 8, 2015), *quoting Cowsert v. Macy's E., Inc.*, 74 A.D.3d 1444, 1445 (3rd Dep't 2010) ("a cause of action alleging gross negligence … requires a showing of reckless disregard for the rights of others, bordering on intentional wrongdoing"). Based upon the foregoing, Plaintiffs have not, and cannot demonstrate a viable basis to establish a claim as against the Moving Defendant, requiring the dismissal of their First Amended Complaint, as a matter of law.

**REPLY POINT IV**

**PLAINTIFFS CANNOT DEMONSTRATE THAT ANY
MATERIAL QUESTIONS OF FACT EXIST WITH RESPECT
TO PLAINTIFFS' CLAIMS SOUNDING IN FRAUD**

As set forth more fully in the Moving Defendant's original moving papers, in New York, "[t]he elements of a cause of action sounding in fraud are material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages." *Orchid Constr. Corp. v. Gottbetter*, 89 A.D.3d 708, 710 (2nd Dep't 2011); *see also Nabatkhorian v. Nabatkhorian*, _ A.D.3d _, 2015 N.Y. Slip Op. 0335, at *1 (2nd Dep't April 22, 2015). With respect to the Plaintiffs' claim sounding in fraud, it is apparent (as detailed above) that the Moving Defendant relied, in good faith, upon the Plaintiffs' execution and issuance of the March 14 and the March 15 Escrow Instructions, prior to the release of any funds from the Escrow Agreement. Given that the Moving Defendant did not have an active obligation to verify the veracity or authentication of either of the Escrow Instructions or the Pre-Advice (as set forth by the Escrow Agreement), [Rule 56.1 Statement, at ¶¶45 and 47; *see also* Pl. Rule 56.1 Statement, at ¶¶45 and 47], Plaintiffs cannot establish, by clear and convincing evidence, that the Moving Defendant knowingly made a false misrepresentation to the Plaintiffs, or that he actively participated and/or facilitated a fraudulent scheme involving Grier Enterprises, Grier, Capital Ventures and/or Richmond.[4]

Based upon the foregoing, the Moving Defendant respectfully submits that he is entitled to summary judgment and the dismissal of Plaintiffs' fraud claim against him in the Amended Complaint, as a matter of law.

---

[4] As set forth above, Plaintiffs' assertions to the contrary are pure conjecture and innuendo, and are not based upon any evidence within the record, documentary or otherwise.

## CONCLUSION

For the foregoing reasons, Defendant BERT PADELL respectfully requests that this Court issue an Order, (i) pursuant to Fed. R. Civ. P. 56, granting his motion for summary judgment and dismissing the Plaintiffs' First Amended Complaint as against him, with prejudice, as a matter of law; and (ii) for such other and further relief as this Court deems just and proper.

Dated: New York, New York
      April 30, 2015

                       **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                       *Attorneys for Defendant Bert Padell*

                     By:       */s/ Mark K. Anesh*
                            Mark K. Anesh
                            Anthony J. Proscia
                            77 Water Street, Suite 2100
                            New York, New York 10005
                            T: (212) 232-1300
                            F: (212) 232-1399
                            Our File No.: 33337.12

TO:    Counsel for All Parties (*via* ECF)